UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 2:17-cv-01160

| | |
|---|---|
| WILLIAM J. DICKS,<br><br>    Plaintiff,<br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

This action arises out of Defendant United Airlines, Inc.'s violations of 47 U.S. Code § 223 - Obscene or harassing telephone calls, Wis. Stat. § 947.012—Unlawful use of a telephone, Wis. Stat. § 995.50—Invasion of Privacy, and Wisconsin Common Law Invasion of Privacy.

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, WILLIAM J. DICKS, ("Plaintiff") is a natural person who resides in the County of Milwaukee, State of Wisconsin, and is a "person".

1

4. Defendant, UNITED AIRLINES, INC., ("Defendant") is licensed to do business in the State of Wisconsin, regularly conducts business in said State, and has a principal place of business located at 233 S. Wacker Dr., Chicago, IL 60606.

## FACTUAL ALLEGATIONS

5. Defendant is part of the United States airline industry.

6. On information and belief, Defendant has an internal policy covering all employees and, in particular, those employees whose job involves person-to-person contact with Defendant's customers.

7. Upon information and belief, said policy outlines what is expected of employees when communicating in any manner with customers, including a provision about possessing a respectful and professional demeanor

8. On February 15th, 2017, at 12:38 p.m. Plaintiff telephoned Defendant's reservation department regarding his planned flight to New Orleans on February 16, 2017, and spoke with a reservation agent.

9. The telephone number Plaintiff called was 1-800-864-8331.

10. That telephone call lasted 48 minutes and 18 seconds.

11. During that call, Defendant sexually harassed, disrespected, and humiliated Plaintiff.

12. Defendant's reservation agent asked Plaintiff if he was alone and what he would do to Defendant's reservation agent if they were alone together, under such circumstances.

13. Defendant's reservation agent asked Plaintiff if he used "protection" when intimate with his then girlfriend.

14. Defendant's reservation agent asked about Plaintiff's then girlfriend's date of birth, and told Plaintiff he seemed "embarrassed to give it to him."

15. Defendant's reservation agent told Plaintiff that his last name "Dicks" was "controversial" but that "[he] like[d] it."

16. Defendant's reservation agent asked Plaintiff if he had a Facebook account or any other social media accounts that could be used to see Plaintiff's photos or personal information.

17. Though utterly humiliated, Plaintiff remained on the phone with Defendant's reservation agent until he gained his necessary flight information.

18. Defendant's reservation agent's statements went entirely beyond information pertinent to Plaintiff's flight.

19. Plaintiff ended the aforementioned phone call at approximately 1:25 p.m. on February 15, 2017.

20. This sequence of events caused Plaintiff to be reminded of the trauma he suffered as a child when he was teased because of his last name.

21. Plaintiff became fearful and concerned because Defendant's reservation agent had unlimited access to Plaintiff's personal information.

22. Plaintiff was extremely worried about flying due to his anticipation that Defendant's reservation agent could or would be at either of the Milwaukee, WI or New Orleans, LA airports while Plaintiff himself was at these locations.

23. Plaintiff feared that Defendant's reservation agent could or would call Plaintiff and/or present himself at Plaintiff's residence because he had Plaintiff's private personal information.

24. Someone from Defendant's reservation department called Plaintiff on February 15, 2017, at 1:27 p.m. and twice at 1:28 p.m. but Plaintiff rejected each of those phone calls, fearful he would be subject to further harassment.

25. Upon information and belief, those three phone calls were made by the aforementioned reservation agent that had frightened and humiliated Plaintiff.

26. At 1:35 p.m. on February 15, 2017, Plaintiff called Defendant to report his assault to a supervisor; Plaintiff was told there was no supervisor available to speak with him.

27. At 2:30 p.m. on February 15, 2017, Plaintiff called the United States Equal Employment Opportunity Commission ("EEOC") at 1-800-669-4000 to discuss his assault; Plaintiff waited to speak to someone but gave up after having been put on hold for 28 minutes.

28. At 5:56 p.m. on February 15, 2017, Plaintiff contacted Defendant's customer care department to report Defendant's reservation agent's egregious assault and to provide the pertinent details of the interaction.

29. On February 28, 2017, Plaintiff contacted Defendant's CEO, Oscar Munoz, reporting Defendant's reservation agent's egregious conduct, asking what measures would be taken, and detailing just how severely the assault was affecting Plaintiff.

30. On March 5, 2017, Plaintiff contacted Mr. Simpson, Corporate Insurance Analyst for Defendant, to report Defendant's reservation agent's assault.

31. On March 6, 2017, at 1:20 p.m., Plaintiff again reached out to the EEOC; Plaintiff discussed his assault with an EEOC representative for approximately 56 minutes but was advised that the EEOC did not handle such cases.

32. Plaintiff reached out to Mr. Simpson for information on the status of his complaint on March 13, 2017; April 5, 2017; and again on May 10, 2017; each time, Plaintiff received very little information.

33. Defendant's reservation agent was acting within the course and scope of his employment with Defendant when he spoke with Plaintiff on February 15, 2017.

34. Plaintiff has suffered an injury-in-fact traceable to Defendant's conduct, and likely to be redressed by a favorable judicial decision.

35. As shown in the following paragraphs, Defendant's invasion of Plaintiff's privacy is "an invasion of a legally protected interest." The following paragraphs demonstrate that Defendant's invasion of Plaintiff's legally protected interest is concrete and particularized, "actual or imminent", and has affected Plaintiff in a personal and individual way.

36. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that, for standing purposes, concrete injuries include intangible harms.

37. The Court in *Spokeo* further noted:

> "Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."

And,

> "...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."

38. The Restatement (Second) of Torts 652A (1977) recognizes that invasion of privacy is a type of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

39. As a result of Defendant's conduct, Plaintiff felt anxious, fearful, embarrassed, and humiliated and an overwhelming sense that his privacy had been invaded.

40. Defendant's conduct caused Plaintiff's emotional well-being and sense of self-worth to suffer and this, in turn, damaged Plaintiff's relationship with his girlfriend.

41. Plaintiff's relationship was irretrievably affected by the aforementioned conduct and the pair ended their relationship shortly after Plaintiff's devastating phone call with Defendant's reservation agent.

42. Defendant's conduct caused Plaintiff great emotional distress; as a result of Defendant's conduct, Plaintiff became angry, stressed, irritated, frustrated, and anxious; Plaintiff also experienced sleeplessness and recurring memories of past demeaning experiences.

43. The aforementioned reservation agent was operating as an agent of the Defendant and was within the scope of his employment when the phone call described herein.

44. As a result of Defendant's willful and/or negligent conduct, Plaintiff is entitled to actual damages pursuant to state and federal law.

## TRIAL BY JURY

45. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## STANDING

46. As outlined above, Plaintiff has suffered an injury-in-fact that is traceable to Defendant's illegal conduct and is likely to be redressed by a favorable decision in this matter.

47. Specifically, Plaintiff suffered a concrete injury as a result of Defendant's willful invasion of Plaintiff's privacy.

## CAUSES OF ACTION

## COUNT I.

## 47 U.S. CODE § 223

## OBSCENE OR HARASSING TELEPHONE CALLS

48. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

49. Defendant willfully violated 47 U.S.C. § 223 by failing to reasonably train and supervise its reservation agents. As a result, Plaintiff has suffered actual damages in

7

Case 2:17-cv-01160-LA   Filed 08/25/17   Page 7 of 11   Document 1

the form of emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

## COUNT II.

## VIOLATIONS OF WIS. STAT. § 947.012.

## UNLAWFUL USE OF TELEPHONE

50. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

51. Defendant willfully violated Wis. Stat. §947.012 by failing to reasonably train and supervise reservation agents.

52. As a result, Plaintiff has suffered actual damages in the form of emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

## COUNT III.

## VIOLATIONS OF WIS. STAT. § 995.50

## INVASION OF PLAINTIFF'S PRIVACY

53. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

54. Defendant willfully violated Wis. Stat. §995.50 by failing to reasonably train and supervise its reservation agents.

55. As a result, Plaintiff has suffered actual damages in the form of emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

## COUNT IV.

## WISCONSIN COMMON LAW INVASION OF PRIVACY

56. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

57. Defendant willfully violated the common law rule on privacy of individuals by failing to reasonably train and supervise reservation agents.

58. As a result, Plaintiff has suffered actual damages in the form of emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- Actual damages in an amount to be determined at trial
- Punitive damages in an amount to be determined at trial pursuant to Wisconsin law;
- Reasonable attorneys' fees pursuant to Wis. Stat. § 995.50; and
- Such other and further relief as may be just and proper.

Dated this 25th day of August, 2017.          Respectfully submitted,

By: s/Thomas J. Lyons Jr

Thomas J. Lyons, Esq.
**LYONS LAW FIRM, P.A.**
WI Attorney I.D. #  1019127
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 770-5830

9

Case 2:17-cv-01160-LA   Filed 08/25/17   Page 9 of 11   Document 1

tlyons@lyonslawfirm.com

Thomas J. Lyons, Jr. Esq.
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

10

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF WISCONSIN )
                                     ) ss
COUNTY OF MILWAUKEE )

     I, William J. Dicks, having first been duly sworn and upon oath, depose and say, upon my personal recollection, as follows:

1. I am the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after making reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass either Defendant, cause unnecessary delay to either Defendant, or create a needless increase in the cost of litigation to either of the Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                                    s/William J. Dicks
                                                                                    William J. Dicks

Subscribed and sworn to before me
this  15th day of August, 2017.


s/William Wieland
Notary Public